AO 91 (Rev. 11/11) Criminal Complaint

**SEALED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**
FEB 14 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

| | |
|---|---|
| United States of America<br>v.<br>Jiang Yunquan<br><br>Defendant(s) | )<br>)<br>) Case No.<br>)<br>)   20MJ00030 SKO<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **February 7, 2020** in the county of **Fresno** in the **Eastern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 841(a)(1), (b)(1)(A) | Manufacturing 1,000 and more Marijuana Plants, a Schedule I Controlled Substance<br><br>Maximum Penalties: Mandatory Minimum 10 years in prison with a maximum of life in prison, fine of $10,000,000, 5 years to life of supervised release; $100 special assessment |

This criminal complaint is based on these facts:

Refer to Attached Affidavit of SA Daniel Murray, attached hereto and incorporated herein

☑ Continued on the attached sheet.

_____
Complainant's signature

SA Daniel Murray
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: **February 14, 2020**

_____
Judge's signature

City and state: **Fresno, CA**

US Magistrate Judge Sheila K. Oberto
_____
Printed name and title

# AFFIDAVIT

I, Daniel Murray, Special Agent, Drug Enforcement Administration, United States Department of Justice, being duly sworn, do depose and state:

1. I am a Special Agent with the Drug Enforcement Administration, and have been since September 17, 2018. As a DEA Special Agent, I have assisted in the execution of search warrants for controlled substances and/or related paraphernalia, indicia, and other evidence of violations of Federal drug related offenses. I have participated in investigations targeting individuals and organizations trafficking controlled substances as defined in Title 21, United States Code, Section 801. I received seventeen weeks of specialized training at the Basic Agent Training Academy in Quantico, Virginia, from September 2018 to January 2019. The training curriculum consisted of all aspects of conducting drug investigations, including identification of controlled substances, undercover operations, surveillance techniques, conducting federal arrests, and the general operation of drug trafficking organizations.

2. I have received training in the methods used by drug traffickers to illegally transport and distribute controlled substances. I am familiar with all the formal methods of investigations, including, but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential sources, and the use of undercover agents. I have participated in investigations involving organizations involved in the transportation, distribution, and possession with intent to distribute controlled substances, including, but not limited to, heroin. I have also received training at the DEA Academy in Quantico, VA to be trained on how to deal with clandestine drug labs and asset forfeiture training.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

1

4. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation; from discussions with Fresno County Sheriff's Office Officers and other law enforcement agencies; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another DEA or law enforcement agent, law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to who I or other have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated. Since this affidavit is being submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details or facts of every aspect of the investigation. Facts not set forth herein, or in the attached exhibits, are not being relied on in reaching my conclusion that the requested order should be issued. Nor do I request that this court rely on any facts not set forth herein in reviewing this application and affidavit.

5. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that from on or around February 7, 2020, violations of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. §§ 841(b)(1)(A) have been committed by Jiang YUNQUAN. Specifically, there is probable cause that Jiang YUNQUAN manufactured 1,000 and more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and 21 U.S.C. §§ 841(b)(1)(A)).

**PROBABLE CAUSE**

1. On January 30, 2020, PG&E contacted Fresno County Sheriff's Office (FCSO) Detective (Det.) Alexander Sosin regarding possible theft of power from 4985 E White Ave, Fresno, CA 93727 (hereinafter referred as 4985 residence). FCSO detectives responded to the location and met with a neighbor (who wished to remain anonymous) of the 4985

2

residence. The neighbor stated they saw Asian males[1] at the residence working on the electrical panel on the west side of the 4985 residence. The neighbor stated he/she saw one of the Asian males using a reciprocal saw on the house and doing something to the panel. When the Asian male had left, the neighbor noticed there was now silicone surrounding the panel and did not believe it looked right. A PG&E employee reported to FCSO detectives that the original PG&E box of 100 amps had been removed and a new one had been installed which was 200 amps. The PG&E employee stated it was not done by PG&E and did not believe proper permits were given to do this.

2. The PG&E employee stated the current kilowatts (KW) the house was using was at 20 KW. It was further explained to FCSO detectives that a large residence in the middle of summer using all of the appliances and a/c unit would not normally use 20 KW at a time. At this time, FCSO detectives could hear the continuous sound of the a/c unit working. The day was relatively cold and normally would not need the a/c unit on. FCSO detectives could smell the odor of marijuana emanating from the residence and attempted to contact the residents at the location, but were unable to. The neighbor stated no one lives there, but white vans have shown up occasionally, go inside the garage and leave in a few hours or the next day. All the windows to the 4985 residence in the front were covered up with blinds and unable to see inside the residence.

3. On February 7, 2020, at 7:00 a.m., FCSO Drug Enforcement Unit (DEU) served a search warrant at the 4985 residence. The search warrant was signed by the Honorable Judge K. Kapetan of the Fresno County Superior Court on February 4, 2020.

4. Upon arrival, FCSO personnel approached the house and made several announcements identifying themselves and advising they had a search warrant for the property. After

---

[1] This description is relevant because of the person located at the residence as discussed below.

3

numerous announcements, a male subject identified as Jiang YUNQUAN (hereinafter referred as YUNQUAN) exited the rear of the residence, detained in handcuffs, and placed in the back seat of a FCSO patrol vehicle. In addition, FCSO personnel approached the 4985 residence and noticed the front of the residence had been surrounded by rod iron and a security door. FCSO personnel used the ram to breach the front door of the 4985 residence in order to gain entry. FCSO cleared the 4985 residence and no one else was located inside.

5. FCSO personnel searched the 4985 residence and located numerous items per the search warrant. All items were photographed at or near their original location. The items seized and their respective locations were as follows:

   1) 2 clear bags containing processed marijuana – southeast bedroom
   2) 650 marijuana plants – southwest bedroom
   3) 308 marijuana plants – living room/kitchen
   4) 150 marijuana plants – northern most room
   5) 155 marijuana plants – garage
   6) White iPhone – southeast bedroom
   7) Black iPhone – YUNQUAN's pocket

6. FCSO Det. Sosin read YUNQUAN his Miranda Rights. Through an interpreter, YUNQUAN stated he understood his rights and expressed consent by stating he would talk to Det. Sosin. YUNQUAN stated he recently moved into the 4985 residence and that the residence and marijuana belonged to him. YUNQUAN stated he recently started growing, because he heard he would make money growing marijuana. YUNQUAN stated he wasn't sure who to sell the marijuana to, but believed he was going to make money. YUNQUAN denied any personal use of the marijuana. YUNQUAN stated he was the only one who lived at the 4985 residence and tended to the marijuana. YUNQUAN had a black colored iPhone in his pants pocket       and a white colored iPhone in the

4

southeastern bedroom of the 4985 residence. Based on my training and experience, I know subjects will use multiple cellular phones to conduct illegal narcotic transactions.

7. FCSO personnel discovered the following set-up at the 4985 residence: the living room/kitchen contained sixteen fluorescent grow lights suspended from the ceiling. The fluorescent grow lights were connected with an eight-inch air duct tubing that terminated at the 110 volt filtration system. In addition, there were sixteen ballast in the room and five fans. The garage contained eight fluorescent grow lights suspended from the ceiling. The fluorescent grow lights were connected with an eight-inch air duct tubing that terminated at the 110 volt charcoal filtration system. In addition, there were eight ballast in the room and four fans. The southwest bedroom contained eight fluorescent grow lights suspended from the ceiling. The fluorescent grow lights were connected with an eight-inch air duct tubing that terminated at the 110 volt charcoal filtration system. In addition, there were eight ballast in the room and four vans. The northern most room contained eight fluorescent grow lights suspended from the ceiling. The fluorescent grow lights were connected with an eight-inch air duct tubing that terminated at the 110 volt charcoal filtration system. In addition, there were eight ballast in the room and four fans. Based on my training, experience, and amount of equipment located at the 4985 residence, I believe the marijuana was being grown to sell for illicit commercial purposes and sale.

8. FCSO detectives arrested YUNQUAN for HS11358(a) cultivation of marijuana and HS11359 (a) possession of marijuana for sales. YUNQUAN was booked at the Fresno County Jail on the aforementioned charges. With the exception of the two-pound sample and the five random representative samples taken as evidence all of the remaining marijuana was photographed, eradicated, and destroyed.

9. Based on the information in this affidavit, I believe there is probable cause that Jiang YUNQUAN did knowingly and intentionally manufacture 1,000 and more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

//

//

5

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Daniel Murray*, Special Agent
United States Drug Enforcement Administration

Reviewed and approved as to form on this 13th day of February 2020:

/s/ Justin J. Gilio
Justin J. Gilio
Assistant United States Attorney

Subscribed to and Sworn before me
On this __14th__ day of February, 2020

*Sheila K. Oberto*
Honorable Sheila K. Oberto
United States Magistrate Judge

6