McGREGOR W. SCOTT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>     v.<br><br>YUNQUAN JIANG,<br><br>                            Defendant. | CASE NO. 1:20-CR-00057-NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: May 18, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

        This case is set for a status conference on May 18, 2020. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

        Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1. By previous order, this matter was set for status on May 18, 2020.

2. By this stipulation, defendant now moves to continue the status conference until July 6, 2020, and to exclude time between May 18, 2020, and July 6, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, photographs, and cell phone extractions. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendant desires additional time consult with his client, discuss potential resolutions with his client, and conduct further investigation.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 18, 2020 to July 6, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated:  May 6, 2020 | McGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ JUSTIN J. GILIO<br>JUSTIN J. GILIO<br>Assistant United States Attorney |
| Dated:  May 6, 2020 | /s/ Martin Taleisnik<br>Martin Taleisnik<br>Counsel for Defendant<br>Yunquan Jiang |

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:  **May 7, 2020**          /s/ *Sheila K. Oberto*
                  UNITED STATES MAGISTRATE JUDGE