1 | McGREGOR W. SCOTT
United States Attorney
2 | JUSTIN J. GILIO
Assistant United States Attorney
3 | 2500 Tulare Street, Suite 4401
Fresno, CA 93721
4 | Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

5

6 | Attorneys for Plaintiff
United States of America

7

8

9 | IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,          CASE NO.  1:20-CR-00057-NONE-SKO

12 |                     Plaintiff,          STIPULATION REGARDING EXCLUDABLE
TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |           v.                            FINDINGS AND ORDER

14 | YUNQUAN JIANG,                           DATE:  November 2, 2020
TIME:  1:00 p.m.
15 |                     Defendant.          COURT: Hon. Sheila K. Oberto

16

17        This case is set for status conference on November 2, 2020.  On May 13, 2020, this Court issued

18 General Order 618, which suspends all jury trials in the Eastern District of California "until further

19 notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

20 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

21 judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

22 May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

23 were entered to address public health concerns related to COVID-19.

24        Although the General Orders and declarations of emergency address the district-wide health

25 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26 "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28 ————————————
[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1

1   findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

2   record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

3   failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

4   (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

5   findings on the record "either orally or in writing").

6          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7   and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

8   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

11  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

12  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14         The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24         In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

27

28         [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2    pretrial continuance must be "specifically limited in time").

3    **STIPULATION**

4    Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6    1.    By previous order, this matter was set for status on November 2, 2020.

7    2.    By this stipulation, defendant now moves to continue the status conference until

8    December 2, 2020, and to exclude time between November 2, 2020, and December 2, 2020, under 18

9    U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

10    3.    The parties agree and stipulate, and request that the Court find the following:

11    a)    The government has represented that the discovery associated with this case

12    includes investigative reports, photographs, and cell phone extractions.  All this discovery has

13    been either produced directly to counsel and/or made available for inspection and copying.

14    b)    Counsel for defendant desires additional time to consult with his client, conduct

15    further investigation, and pursue a resolution of the case.  Further, a plea offer has been extended

16    and defense counsel intends to review the proposed agreement with his client, which has proven

17    difficult because of the COVID-19 conditions in the jail.  Specifically, since the last filing of a

18    request to continue the status conference Defense counsel has been unable to meet with his

19    client.  Despite his best efforts, he has been unable to arrange for an in-custody meeting with his

20    client and an interpreter.  These efforts have been complicated by defense counsel's own health-

21    related issues that have delayed his ability to set up an in person meeting.

22    c)    Counsel for defendant believes that failure to grant the above-requested

23    continuance would deny him the reasonable time necessary for effective preparation, taking into

24    account the exercise of due diligence.

25    d)    The government does not object to the continuance.

26    e)    Based on the above-stated findings, the ends of justice served by continuing the

27    case as requested outweigh the interest of the public and the defendant in a trial within the

28    original date prescribed by the Speedy Trial Act.

3

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 2, 2020 to December 2, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  October 26, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN J. GILIO
JUSTIN J. GILIO
Assistant United States Attorney

Dated:  October 26, 2020

/s/ Martin Taleisnik
Martin Taleisnik
Counsel for Defendant
YUNQUAN JIANG

**FINDINGS AND ORDER**

IT IS SO ORDERED.

Dated:   **October 28, 2020**

/s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

4